UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL W. BEARLEY, <br><br> Plaintiff, <br><br> v. <br><br> CHW GROUP INC. d/b/a CHOICE HOME WARRANTY, <br><br> Defendant. | COMPLAINT <br><br> CASE NO. 1:21-cv-03214 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MICHAEL W. BEARLEY ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of CHW GROUP INC. d/b/a CHOICE HOME WARRANTY ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18 years of age residing in Highland, Illinois, which lies within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant Choice Home Warranty sells protection plans that claim to "offer comprehensive protection against the high cost of repair or replacement of properly maintained major systems and appliances."[1] Defendant charges its policy holders a service call fee per claim when a problem or repair need arises.[2] Defendant is based in and can be served at 2147 Routh 27 South, 4th Floor, Edison, New Jersey 08817.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's constant solicitation calls to Plaintiff's cellular phone.

10. Beginning approximately May 2021, Plaintiff began receiving calls from Defendant to his cellular phone, (618) XXX-7380.

---

[1] https://www.choicehomewarranty.com/about-us/
[2] https://www.choicehomewarranty.com/about-us/

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7380. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant has primarily used (848) 237-1438 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

13. Upon information and belief, the above-referenced phone number is regularly utilized by Defendant to communicate with consumers.

14. When answering the calls, Plaintiff always experienced a brief pause and dead air before any live representative came on the line.

15. Upon speaking with Defendant, Plaintiff became aware that Defendant was calling to solicit Plaintiff's purchase of a home warranty.

16. Defendant did not ask for Plaintiff by name when beginning to speak to him.

17. Plaintiff does not have any business relationship with Defendant in any capacity and was confused as to why he was getting these solicitations.

18. Plaintiff has never given consent to Defendant to call him for any purpose, business or otherwise.

19. When Plaintiff spoke with Defendant, Plaintiff always demanded that Defendant cease calling and put his number on a "Do Not Call" list ("DNC").

20. Defendant usually hung up when Plaintiff made this demand. Defendant also stated a number of times that they would put Plaintiff on a DNC list.

21. Nevertheless, Defendant continued its calling campaign after Plaintiff's demands and after Defendant promised Plaintiff to put him on a DNC list.

22. Further, on multiple occasions, Defendant called Plaintiff numerous times within a short span of minutes.

23. Plaintiff has received no less than 40 unconsented phone calls from Defendant with such calls continuing up until the filing of this Complaint.

24. Frustrated over Defendant's conduct, Plaintiff spoke with his undersigned attorney regarding his rights, resulting in exhausting time and resources.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unconsented-to telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Upon information and belief, the dialing system Defendant used to contact Plaintiff constitutes an ATDS as defined by the TCPA. Rather than dialing Plaintiff's cellular phone number from a predetermined list of consumers, Defendant's dialing system instead randomly and/or

sequentially generated Plaintiff's phone number and dialed such number with the goal of soliciting Plaintiff's business. Evincing the random or sequentially generated nature of the calls is the fact that Defendant dialed Plaintiff's number without knowing Plaintiff's identity beforehand, as Defendant would never ask for Plaintiff specifically in connection with its solicitation efforts. The noticeable pause, lasting a handful of seconds in length, which Plaintiff experienced prior to being connected with a live representative further suggests that an ATDS was being utilized to generate the phone calls, as Defendant's dialing system, after randomly and/or sequentially generating Plaintiff's number to be called, subsequently required a short period of time for such randomly and/or sequentially generated phone call to be addressed by one of Defendant's representatives. In addition, the nature and frequency of Defendant's calls points to the involvement of an ATDS, including the fact that Plaintiff requested the calls stop and the calls continued, and further considering that Defendant's representatives told Plaintiff the calls would stop, yet the calls continued. Upon information and belief, the fact Defendant's representatives stated they would put Plaintiff on the DNC list, yet the calls continued, underscores the extent to which Defendant's dialing system was randomly and/or sequentially generating Plaintiff's phone number to be dialed, irrespective of any controls sought to be put on Defendant's dialing system.

30. Defendant's phone calls, made to Plaintiff's cellular phone, were made absent consent. Plaintiff has never had any business relationship with Defendant nor has he given it permission to call his cellular phone via means of an ATDS, underscoring the extent to which Defendant lacked Plaintiff's prior express consent for the calls. Further, any hypothetical consent that may have existed was revoked by Plaintiff's repeated demands such phone calls cease.

5

31. Defendant was calling Plaintiff's cellular phone to sell services Plaintiff did not seek. The calls were regarding (potentially future) business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had ample reasons to be aware that its calls were not welcome, but yet, it continued its intensive campaign to harass Plaintiff into submission.

WHEREFORE, Plaintiff, MICHAEL W. BEARLEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

35. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff when it knew that it had no permission to do so. It was deceptive for Defendant to continue blowing up Plaintiff's phone and thus by conduct it sends a message to Plaintiff it can ignore Plaintiff's demands while it cannot. It was similarly deceptive for Defendant to inform Plaintiff that he would be put on the DNC list, yet Defendant continued calling.

38. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

40. As pled in paragraphs 23 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant was calling Plaintiff while knowing that Plaintiff finds such calls unwelcome and

repulsive. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, MICHAEL W. BEARLEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 15, 2021                                    Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com